IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**JUDGE BRIEANT**

| | |
|---|---|
| MONROE MOTOR CARS, LLC, a New York Limited Liability Company,<br><br>*Plaintiff*,<br><br>- against-<br><br>GENERAL MOTORS CORPORATION<br><br>*Defendant*. | **07 CV 11469**<br>CIVIL ACTION NO. |

## NOTICE OF REMOVAL

Defendant, General Motors Corporation ("General Motors") hereby removes this case from the Supreme Court of the State of New York, County of Orange to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of this Notice of Removal, General Motors states as follows:

**I.    INTRODUCTION AND FACTUAL BACKGROUND**

1.    Plaintiff, Monroe Motor Cars, LLC (Monroe") commenced this civil action against General Motors by filing a Summons and Complaint on or about October 30, 2007 in the Supreme Court of the State of New York, County of Orange, Index No. 2007-010552. The Summons and Complaint were served on General Motors on December 3, 2007. Copies of the Summons and Complaint are collectively attached as Exhibit A.

2.    This action is removable to this Court under 28 U.S.C. §1441 because this Court has original diversity jurisdiction over Monroe's claims under 28 U.S.C. §1332. There is complete diversity among the parties and the amount in controversy, as set forth by the averments in the Complaint, exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in this Court under 28 U.S.C. §1441(a) because this Court is the district and division embracing the place where the removed action is pending.

4. This Notice of Removal is timely filed since the action was removed within 30 days after service on General Motors. *See* 28 U.S.C. §1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## II. THIS CASE IS REMOVABLE ON THE BASIS OF DIVERSITY JURISDICTION.

### A. There is Complete Diversity Between the Parties.

5. Defendant General Motors was, at the time Monroe instituted this action, and is, at the time of removal, incorporated in the State of Delaware. General Motors' principal place of business was, at the time Monroe instituted this action, and is, at the time of removal, located in the State of Michigan.

6. Monroe was, at the time this action was instituted, and is, at the time of removal, a New York limited liability company whose members are Mark Brodsky, a citizen of the State of Maryland and William A. Refakis, a citizen of the State of New York. For diversity purposes, a limited liability company has the citizenship of its membership. See *Handelsman v. Bedford Village Associates*, 213 F.3d 48, 51 (2d Cir. 2000); *Mackason v. Diamond Financial, LLC*, 347 F.Supp. 2d 53, 55 (S.D. N.Y. 2004).

7. Complete diversity exists between the parties since the members of Monroe were at the time they instituted this action and are citizens of the States of Maryland and New York and General Motors, was and is a citizen of the States of Delaware and Michigan. *See* 28 U.S.C. §1332(a) and (c)(1).

B.     **The Amount in Controversy Exceeds $75,000 Exclusive of Interest and Costs.**

8.     Plaintiff's Complaint alleges that General Motors breached a Termination Agreement that required General Motors to pay Monroe the sum of $250,000 (Complaint ¶4). It alleges that General Motors inordinately delayed in effecting the repurchase of its vehicles causing Monroe to continue to pay on its floor plan loan for these vehicles and refused to reimburse Monroe (Complaint ¶8). It alleges that General Motors refused to effectuate the return of Monroe's inventory of parts, accessories and special tools (Complaint ¶9). It seeks damages for packaging and transportation costs relating to the return of the parts, accessories and special tools (Complaint, Count I, *Ad Damnum* Clause). It seeks punitive damages (Complaint, Count II, *Ad Damnum* Clause) and attorney's fees (Complaint, Count III, *Ad Damnum* Clause).

9.     Monroe's Complaint therefore alleges an amount in controversy that exceeds $75,000. At a minimum, the Complaint illustrates that there is a "reasonable probability" that the jurisdictional amount exists. *See Corwin Jeep Sales & Serv., Inc. v. American Motors Sales Corp.*, 670 F. Supp. 591, 595 (M.D. Pa. 1986) (recognizing that where a sum in controversy is ambiguous, the jurisdictional amount may be met if "there is a probability that the value of the matter in controversy exceeds the jurisdictional amount").

III.   **NOTICE HAS BEEN GIVEN AND STATE COURT PAPERS ARE ATTACHED.**

10.    In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings and papers served on General Motors in the state court litigation are attached as Exhibit A.

11.    Pursuant to 28 U.S.C. §1446(a) and (b), General Motors is serving this Notice of Removal on Monroe and is filing a copy of the this Notice with the Clerk of Court for the Supreme Court of the State of New York, County of Orange.

WHEREFORE, Defendant, General Motors Corporation hereby removes this case from the Supreme Court of the State of New York, County of Orange to this federal district court. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §1332(a)(1) because this action arises between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

LAVIN, O'NEIL, RICCI, CEDRONE & DiSIPIO

BY: _____
Timothy J. McHugh (3392)
420 Lexington Avenue
Graybar Building
Suite 2900
New York, NY 10170
Tel No.: (212) 319-6898
Fax No.: (212) 319-6932
E-mail: tmchugh@lavin-law.com

Of Counsel:

Joseph E. O'Neil
John J. O'Donnell
190 North Independence Mall West
6th & Race Streets, Suite 500
Philadelphia, PA 19106
Tel Nos.: (215) 351-7901
          (215) 351-7936
Fax Nos.: (215) 251-3086
          (215) 351-3085
E-mail: joneil@lavin-law.com
        jodonnell@lavin-law.com

Attorneys for Defendant,
General Motors Corporation

DEC-03-2007 16:38                                                                P.03

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

MONROE MOTOR CARS, LLC, a New York
Limited Liability Company,

                Plaintiff,

- against -

GENERAL MOTORS CORPORATION,

                Defendant.

Index No. 2007-010552

**SUMMONS**

GENERAL MOTORS CORPORATION
C/o CT Corporation
111 Eighth Avenue
New York, New York 10011

To the above-named Defendant:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

                THE MARGOLIS LAW FIRM LLC
                Attorneys for Plaintiff
                67 Wall Street
                22nd Floor, #6001
                New York, New York 10005
                (212) 859-5001

                By: _____
                    JED S. FREEMAN

2007 OCT 30 PM 2:50
ORANGE COUNTY CLERK'S
OFFICE
FILED

DEC-03-2007 16:39                                                                                          P.04

**PLEASE REPLY TO:**

**THE MARGOLIS LAW FIRM LLC**
5 Becker Farm Road
P.O. Box 420
Roseland, New Jersey 07068
(973) 239-3000

Date: October 29, 2007

DEC-03-2007 16:39                                                              P.05

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

MONROE MOTOR CARS, LLC, a New York
Limited Liability Company,

    Index No. 2007-010552

        Plaintiff,

- against -

    COMPLAINT

GENERAL MOTORS CORPORATION,

        Defendant.

ORIGINAL FILED
FILED
ORANGE COUNTY CLERK
2007 OCT 30 PM 2:51

Plaintiff, Monroe Motor Cars LLC, states by way of Complaint against the defendant, General Motors Corporation, as follows:

    1.    Plaintiff is a Limited Liability Company of the State of New York, and previously conducted its business at 330 Stage Road, Monroe, New York.

    2.    Plaintiff operated a Pontiac Buick GMC motor vehicle dealership as franchisee of General Motors Corporation (herein "GM") at said address. Plaintiff acquired its business from Saber Pontiac Buick GMC, then a franchised Pontiac Buick GMC dealer, and considered to be the "outgoing dealer".

    3.    The franchises in effect between Plaintiff and GM mandated that Plaintiff maintain an inventory of repair parts and accessories, and special tools to effect repairs to its vehicles. Plaintiff did, in fact, maintain such inventory of repair parts and accessories, and special tools (for repair purposes), consistent with its obligation to do so.

### FIRST COUNT

4. In or about February 2007, Plaintiff commenced negotiations with GM to effect a termination of its franchise for a valuable consideration. Components of the termination required GM to pay Plaintiff the sum of Two Hundred Fifty Thousand ($250,000.00) Dollars, to repurchase its GM vehicles, and to repurchase its inventory of repair parts and accessories and its special tools.

5. In connection with said negotiations, and prior to the execution of the formal Termination Agreement, Plaintiff provided GM counsel and GM with an extensive computerized schedule of its repair parts and accessories inventories and its special tools.

6. On or about April 27, 2007, a Termination Agreement was executed between Plaintiff and GM, a true copy of which is attached hereto and made a part hereof as Exhibit "A".

7. Thereafter, Plaintiff made due and proper demand upon GM for payment of the Two Hundred Fifty Thousand ($250,000.00) Dollar consideration and, ultimately, months later, received the same, as the aggregate of a series of smaller increments.

8. On and after April 27, 2007, Plaintiff made due and proper demand for GM to effectuate the return of its GM new car inventory, and to pay Plaintiff's floor plan lender (HSBC Bank) its obligations in connection therewith. GM inordinately delayed in effecting its repurchase of said vehicles, during which time Plaintiff was required to continue to pay its floor plan lender interest while the vehicles remained at Plaintiff's premises. GM failed, neglected and refused to reimburse Plaintiff for said interest.

9. Although often requested by Plaintiff, directly and through its counsel,

GM failed, neglected and refused to effectuate the return to it of Plaintiff's inventories of repair parts, accessories and special tools and, consequently, the same remain at Plaintiff's premises for safekeeping.

10. GM is required to repurchase said repair parts and accessories and special tools, consistent with the provisions of the Dealer Sales and Service Agreements (franchise agreements) previously in effect between Plaintiff and GM and, particularly, the provisions thereof dealing with Plaintiff's termination rights, the General Business Law of the State of New York and the Franchise Motor Vehicle Dealer Act of the State of New York, and to effect payment to Plaintiff therefor, together with an allowance for packing costs and reimbursement for transportation charges to the destination specified by GM.

WHEREFORE, Plaintiff demands damages against GM representing (a) the value of Plaintiff's inventory of repair parts, accessories and special tools, together with interest thereon, damages for GM's delay in effectuating said return and payment to plaintiff therefor and (b) interest for the period of delay GM occasioned in effecting payment to Plaintiff for the Termination Agreement consideration; and (c) GM's delay in payment of Plaintiff's floor plan lender for its vehicle repurchases

## SECOND COUNT

11. Plaintiff repeats the allegations of Paragraphs 1-10 of the Complaint, and incorporates the same herein as if set forth at length.

12. GM's actions were deliberately in defiance of the Termination Agreement and the applicable provisions of New York State Law, and in breach of the implied covenants of good faith and fair dealing.

DEC-03-2007 16:38 P.09

WHEREFORE, Plaintiff demands punitive damages of defendant, and such other and further relief as this Court deems appropriate in the circumstances.

### THIRD COUNT

13. Plaintiff repeats the allegations of Paragraphs 1-12 of the Complaint, and incorporates the same herein as if set forth at length.

14. By reason of the foregoing, plaintiff is entitled to reasonable attorneys fees and costs in accordance with the Franchise Motor Vehicle Dealer Act of the State of New York.

WHEREFORE, plaintiff demands attorneys fees and costs associated with the causes of action contained herein.

### JURY DEMAND

Plaintiff requests trial by jury on all Counts of the Complaint.

THE MARGOLIS LAW FIRM LLC
Attorneys for Plaintiff
67 Wall Street
22nd Floor, #5001
New York, New York 10005
(212) 359-5001

By: _____
JED S. FREEMAN

**PLEASE REPLY TO:**

THE MARGOLIS LAW FIRM LLC
5 Becker Farm Road
P.O. Box 420
Roseland, New Jersey 07068
(973) 239-3000

Date: October 29, 2007

TOTAL P.09