IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONROE MOTOR CARS, LLC, a New York Limited Liability Company,<br><br>*Plaintiff*,<br><br>- against-<br><br>GENERAL MOTORS CORPORATION<br><br>*Defendant*. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

Defendant, General Motors Corporation ("General Motors") hereby removes this case from the Supreme Court of the State of New York, County of Orange to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of this Notice of Removal, General Motors states as follows:

**I.      INTRODUCTION AND FACTUAL BACKGROUND**

1.      Plaintiff, Monroe Motor Cars, LLC (Monroe") commenced this civil action against General Motors by filing a Summons and Complaint on or about October 30, 2007 in the Supreme Court of the State of New York, County of Orange, Index No. 2007-010552.  The Summons and Complaint were served on General Motors on December 3, 2007.  Copies of the Summons and Complaint are collectively attached as Exhibit A.

2.      This action is removable to this Court under 28 U.S.C. §1441 because this Court has original diversity jurisdiction over Monroe's claims under 28 U.S.C. §1332.  There is complete diversity among the parties and the amount in controversy, as set forth by the averments in the Complaint, exceeds $75,000, exclusive of interest and costs.

3.  Venue is proper in this Court under 28 U.S.C. §1441(a) because this Court is the district and division embracing the place where the removed action is pending.

4.  This Notice of Removal is timely filed since the action was removed within 30 days after service on General Motors. *See* 28 U.S.C. §1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## II.    THIS CASE IS REMOVABLE ON THE BASIS OF DIVERSITY JURISDICTION.

### A.    There is Complete Diversity Between the Parties.

5.  Defendant General Motors was, at the time Monroe instituted this action, and is, at the time of removal, incorporated in the State of Delaware. General Motors' principal place of business was, at the time Monroe instituted this action, and is, at the time of removal, located in the State of Michigan.

6.  Monroe was, at the time this action was instituted, and is, at the time of removal, a New York limited liability company whose members are Mark Brodsky, a citizen of the State of Maryland and William A. Refakis, a citizen of the State of New York. For diversity purposes, a limited liability company has the citizenship of its membership. See *Handelsman v. Bedford Village Associates*, 213 F.3d 48, 51 (2d Cir. 2000); *Mackason v. Diamond Financial, LLC*, 347 F.Supp. 2d 53, 55 (S.D. N.Y. 2004).

7.  Complete diversity exists between the parties since the members of Monroe were at the time they instituted this action and are citizens of the States of Maryland and New York and General Motors, was and is a citizen of the States of Delaware and Michigan. *See* 28 U.S.C. §1332(a) and (c)(1).

**B.    The Amount in Controversy Exceeds $75,000 Exclusive of Interest and Costs.**

8.    Plaintiff's Complaint alleges that General Motors breached a Termination Agreement that required General Motors to pay Monroe the sum of $250,000 (Complaint ¶4). It alleges that General Motors inordinately delayed in effecting the repurchase of its vehicles causing Monroe to continue to pay on its floor plan loan for these vehicles and refused to reimburse Monroe (Complaint ¶8). It alleges that General Motors refused to effectuate the return of Monroe's inventory of parts, accessories and special tools (Complaint ¶9). It seeks damages for packaging and transportation costs relating to the return of the parts, accessories and special tools (Complaint, Count I, *Ad Damnum* Clause). It seeks punitive damages (Complaint, Count II, *Ad Damnum* Clause) and attorney's fees (Complaint, Count III, *Ad Damnum* Clause).

9.    Monroe's Complaint therefore alleges an amount in controversy that exceeds $75,000. At a minimum, the Complaint illustrates that there is a "reasonable probability" that the jurisdictional amount exists. *See Corwin Jeep Sales & Serv., Inc. v. American Motors Sales Corp.*, 670 F. Supp. 591, 595 (M.D. Pa. 1986) (recognizing that where a sum in controversy is ambiguous, the jurisdictional amount may be met if "there is a probability that the value of the matter in controversy exceeds the jurisdictional amount").

**III.    NOTICE HAS BEEN GIVEN AND STATE COURT PAPERS ARE ATTACHED.**

10.    In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings and papers served on General Motors in the state court litigation are attached as Exhibit A.

11.    Pursuant to 28 U.S.C. §1446(a) and (b), General Motors is serving this Notice of Removal on Monroe and is filing a copy of the this Notice with the Clerk of Court for the Supreme Court of the State of New York, County of Orange.

WHEREFORE, Defendant, General Motors Corporation hereby removes this case from the Supreme Court of the State of New York, County of Orange to this federal district court. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §1332(a)(1) because this action arises between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

LAVIN, O'NEIL, RICCI, CEDRONE & DiSIPIO

BY: _____

Timothy J. McHugh (3393)
420 Lexington Avenue
Graybar Building
Suite 2900
New York, NY  10170
Tel No.:     (212) 319-6898
Fax No.:    (212) 319-6932
E-mail:     tmchugh@lavin-law.com

Of Counsel:

Joseph E. O'Neil
John J. O'Donnell
190 North Independence Mall West
6th & Race Streets, Suite 500
Philadelphia, PA  19106
Tel Nos.:    (215) 351-7901
             (215) 351-7936
Fax Nos.:   (215) 251-3086
             (215) 351-3085
E-mail:     joneil@lavin-law.com
             jodonnell@lavin-law.com

Attorneys for Defendant,
General Motors Corporation

## **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK          )
                           )    ss.:
COUNTY OF NEW YORK         )

      Janice Conquet, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age and resides in Bronx County, New York.

      On December 21, 2007, deponent served the within Notice of Removal upon:

Jed S. Freeman
The Margolis Law Firm LLC
5 Becker Farm Road
P.O. Box 420
Roseland, NJ  07068

at the address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                        /s/
                                  Janice Conquet

Sworn to before me this
21st day of December, 2007

    /s/
Notary Public

TIMOTHY J. MCHUGH
Notary Public, State of New York
No. 02MC506248
Qualified in Suffolk County
Commission Expires July 1, 2010